UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JULIO BERMUDEZ,

      Plaintiff,

v.

CASE NO.: 1:16-cv-24142

GLOBAL CARGO CORPORATION,
A Florida for Profit Corporation,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JULIO BERMUDEZ ("Plaintiff") by and through undersigned counsel, files this Complaint against Defendant, GLOBAL CARGO CORPORATION ("GCC" or "Defendant"), and states as follows:

### NATURE OF THE SUIT

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs under the FLSA.

### PARTIES

2. Plaintiff was a non-exempt clerical employee who performed clerical services, customer relations and provided quotes to customers as a 'pricing and quoting analyst' in Miami-Dade County, Florida.

3. Defendant, a Florida For-Profit Corporation, is a logistics and freight company located within Miami-Dade County, Florida.

4. Defendant Corporation is solely owned by Homero Hauque.

### JURISDICTION

5. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

6. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

7. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## COVERAGE

8. At all times during the last three (3) years, Defendant was an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of §3(s)(l) of the Act, in that, Defendant had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Based upon information and belief, the annual and gross revenue of Defendant was in excess of $500,000.00 per annum during the all times relevant.

10. At all times material hereto, Defendant had two (2) or more employees handling or otherwise working on goods or materials that had been moved in or produced for commerce.

11. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that it dealt in international trade.

## FACTUAL ALLEGATIONS

12. Plaintiff worked for Defendant during the relevant time period and performed customer relations, clericals and sales activities.

13. During all times relevant, Defendant was required to pay employees like Plaintiff overtime wages for all hours worked over forty (40) per week.

14. Plaintiff regularly worked in excess of forty (40) hours per workweek but was not paid time and one half for same.

15. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)

16. Plaintiff reincorporates and re-alleges paragraphs 1 through 15 as though set forth fully herein

further alleges as follows:

17. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

18. During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid proper time and one half compensation for same.

19. Plaintiff was routinely told that he would not be paid for overtime.

20. Plaintiff and multiple other current and former employees were told Owner Homero Hauque that "if they (the employee) had to work overtime, it could only have been to fix their mistakes, so if he paid them for overtime – it would be as if he was paying his employees to steal from him through intentional errors."

21. GCC employs many employees on temporary work visas, and uses their legal immigration status to exploit these workers and they are forced to work unpaid overtime.

22. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half her regular rate of pay for each hour worked in excess of forty, Plaintiff has suffered damages.

23. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

24. Prior to the filing of this lawsuit, Defendant did not consult with a lawyer to determine whether its pay practices were in violation of the FLSA.

25. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to determine whether its pay practices were in violation of the FLSA.

26. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to determine whether its pay practices were in violation of the FLSA.

27. Prior to the filing of this lawsuit, Plaintiff's counsel tendered a demand letter in an effort to resolve this matter.

WHEREFORE. Plaintiff humbly requests that judgment be entered in his favor against

Defendant, and that this Court:

a. Declare, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b. Award Plaintiff overtime compensation in the amount due to him for all hours worked in excess of forty (40) hours per workweek;

c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

d. Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Award Plaintiff pre-judgment interest; and ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury. DATED this 28th day of September 2016.

Respectfully submitted,

By: /s/ Michael A. Hoffman
Michael A. Hoffman, Esquire
Florida Bar No. 0089549
Email: Michael@MAHlawyer.com
Michael A. Hoffman, Esq., PA
4000 Hollywood Blvd, Ste 725-S
Hollywood, FL 33021
Telephone: (954)665-5290
Facsimile: (954)944-1932
E-mail: Michael@MAHlawyer.com
*Attorney for Plaintiff*